# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE A. THOMPSON,<br><br>              Plaintiff,<br><br>       v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>              Defendant. | NO. CV 08-03210 GHK (SS)<br><br>**ORDER ADOPTING AND MODIFYING**<br>**FINDINGS, CONCLUSIONS AND**<br>**RECOMMENDATIONS OF UNITED STATES**<br>**MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, all of the records and files herein, the Magistrate Judge's Amended Report and Recommendation, and Plaintiff's Objections. After having made a de novo determination of the portions of the Amended Report and Recommendation to which Objections were directed, the Court concurs with and adopts the findings, conclusions and recommendations of the Magistrate Judge, except as modified below.

The Court modifies the Report by noting that the Report erred at page 2 when it stated that the parties consented to the Magistrate Judge. No consent was filed.

1    The Court further modifies the Report as follows:

3    Judge McMahon's decision in the 2003 action, CV 03-3482, affirmed the prior finding of nondisability for the period from 1998 to 2003. (Report at 3). Because Judge McMahon's decision was not appealed, it became law of the case. ALJ Zirlin subsequently found that Plaintiff was not disabled from January 1, 1999 through April 30, 2005. (Report at 4). Plaintiff continues to argue that the evidence demonstrates disability during this time period.

11    At page 34, the Report states the following:

> [T]he medical records clearly demonstrate that Plaintiff did not receive any treatment for his neck, right shoulder, or right arm from March 2001 through April 2005.

(Report at p. 34, ll. 13-15).

The Court agrees that Plaintiff did not receive medical treatment for his neck, right shoulder or right arm during this time period. Plaintiff did not receive any physical therapy, injections, medications, or surgery targeted to treat these impairments. The Court notes, however, that in the course of medical visits just prior to March 2001, doctors and other medical personnel reported isolated complaints pertaining to Plaintiff's neck and/or right shoulder. For example, on February 1, 2001, Plaintiff complained of neck pain. In the medical records, the doctor noted that Plaintiff was "sent for PT [physical

1  therapy]" and was interested in "retraining for work."  (AR 341, 482
2  (duplicate)).  On January 10, 2001, the medical records reflect that
3  Plaintiff reported tenderness and pain in his rotator cuff and was
4  referred to physical therapy.  (AR 342, 483 (duplicate)).  However,
5  Plaintiff visited medical providers from March 2001 through 2005 for a
6  variety of other medical needs (high cholesterol (AR 471), runny nose
7  (AR 476), sinus infection (AR 477), emphysema (AR 478), high blood
8  pressure (AR 480), flu (AR 481)), yet never mentioned neck or shoulder
9  pain on these occasions.  Other than a referral to physical therapy in
10 early 2001, there is no indication that any medical provider recommended
11 treatment for Plaintiff's neck, shoulder or arm during the period of
12 nondisability.

14    In sum, substantial evidence supports the ALJ's conclusion that
15 Plaintiff's lack of medical treatment for his neck, shoulder and right
16 arm impairments from March 2001 through April 2005 results in a finding
17 of nondisability for this time period.
18 \\
19 \\
20 \\
21 \\
22 \\
23 \\
24 \\
25 \\
26 \\
27 \\

Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

2. The Clerk shall serve copies of this Order and the Judgment herein by United States mail on counsel for Plaintiff and on counsel for Defendant.

DATED:    1/29/10

_____
GEORGE H. KING
UNITED STATES DISTRICT JUDGE

4